IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03114-M-RJ

| | | |
|---|---|---|
| ANTHONY BUSSIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DOCTOR SHARF, | ) | |
| | ) | |
| Defendant. | ) | |

On May 13, 2024, Anthony Bussie ("plaintiff"), a civil detainee at F.M.C. Butner, filed *pro se* a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, see Compl. [D.E. 1], and a motion to proceed without prepayment of fees, see Mot. [D.E. 2].

The court now conducts its initial review under 28 U.S.C. § 1915 and, for the reasons discussed below, dismisses the complaint without prejudice.

Legal Standard:

When reviewing applications for leave to proceed without prepayment of fees, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

<u>Plaintiff's Complaint</u>:

Plaintiff names as the defendant Dr. Sharf [sic], and alleges violations of "due process, 1985, 2000 [sic]" between 2012 and 2014. Compl. [D.E. 1] at 1, 3, 5.

Although his meaning is somewhat unclear, plaintiff specifically alleges: Dr. Sharef [sic], a mental health evaluator, interviewed him on April 17, 2024; "the interview resulted in an disappointed [sic] and non-factual discussion where [he is] called delusional at taking property, criminal charges dropped and no probation [sic]"; "Here at this point[,] the defendant violated my 1985 rights, my 2000(e) rights and among others [sic]"; "Dr. Sharf did not check my courtroom deliberations in Federal Claims Court and Criminal Court"; "Sharf defamation upon these two courts just cause problems for obstruction of justice or not updating facts [sic]." Id. at 5.

As to what happened to him, plaintiff alleges: "I was injured or emotional upset and continued to be in prison after 12 years of no sentence, no probation and no trials"; "Criminal paddening [sic] and disputing (2) court rooms occurred"; "The first court room is Bussie v. US 96 Fed. Cl. 89 [sic]"; The second court room is US v. Bussie 12 cr 229 DNJ [sic]." Id. at 6.

2

Case 5:24-ct-03114-M-RJ   Document 7   Filed 06/11/24   Page 2 of 6

As to when it happened, he alleges: "FTCA already occurred by Congressman Robert E. Andrews. That led in duplicated lawsuit across the court system in several districts [sic]." Id.

As to where it happened to him, plaintiff alleges: "It happened in the 4th District court rooms, 4th District prosecution, and 4th District psychologist [sic]." Id.

As to his injury, plaintiff states: "The injury my truth and courtroom enforcing laws (such as 2000(L)5, 2000(e)16) [sic]." Id. at 7.

As to whether he exhausted administrative procedures as to this claim Plaintiff checks "no," and writes "court room related drama [sic]." Id. at 8.

For relief, plaintiff asks the court: "To take the proper course of action by granting a Supreme Court case law to determine rulings in this case. May the Supreme Court Case law rule the land in dismissing this case [sic]." Id.

## Discussion:

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 569 U.S. 50, 51–52 (2013). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963) (footnote omitted). The United States, however, may be held liable only to the extent that a "private person [] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); see Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009); United States v. St. Louis Univ., 336 F.3d 294, 300 (4th Cir. 2003).

3

The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues.'" United States v. Wong, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). An FTCA tort claim accrues "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." Gould v. U.S. Dep't of Health & Hum. Servs., 905 F.2d 738, 742 (4th Cir. 1990) (en banc) (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)). Presenting an administrative claim within two years of the incident is "[a] key jurisdictional prerequisite to filing suit under the FTCA." Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000).

As an initial matter, it is clear from the face of the complaint that plaintiff did not even begin, much less exhaust, any administrative remedies prior to filing the instant FTCA suit. See 28 U.S.C. §§ 2401(b), 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); 28 C.F.R. § 14.2(a) (outlining steps to present a claim to a federal agency). Thus, the court lacks subject-matter jurisdiction. See Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (finding failure to file administrative claim not waive-able and divests courts of jurisdiction); but see United States v. Kwai Fun Wong, 575 U.S. 402, 420 (2015) (discussing equitable tolling).

Alternatively, even presuming plaintiff instead had successfully exhausted administrative remedies before filing suit, his FTCA complaint still fails. First, the court lacks subject-matter jurisdiction to provide the requested relief. See Talbert v. United States, 932 F.2d 1064, 1065–66 (4th Cir. 1991) ("The only relief provided for in the [FTCA] is "money damages," and "[t]o the extent that [plaintiff] is seeking other relief, [the court] lack[s] jurisdiction under the FTCA to

4

accord it."); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting, "the objection that a federal court lacks subject-matter jurisdiction . . '. may be raised . . . by the court on its own initiative," and citing Fed. R. Civ. P. 12(h)(3), which instructs that, "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Next, the court also lacks subject matter jurisdiction because the United States is not named as a defendant. See 28 U.S.C. § 2679 (providing the United States is the proper defendant for a claim under the FTCA); see also Carter v. Pellicane, No. 3:19-104-CMC-SVH, 2019 WL 8012206, at *3 (W.D.N.C. Nov. 6, 2019) (finding "the court lacks jurisdiction over a[n] FTCA claim against defendants other than the United States"); Woods v. Cnty. of Wilson, No. 5:10-CT-3118-BO, 2012 WL 777152, at *3 (E.D.N.C. Mar. 8, 2012) (finding an FTCA claim "must be brought against the United States of America" (citation omitted)); Graham v. Stansberry, No. 5:07-CT-3015-FL, 2008 WL 3910689, at *8 (E.D.N.C. Aug. 20, 2008) ("Even if plaintiff had alleged a claim pursuant to the FTCA, he would be unable to proceed on that claim because he has not named the proper party. The proper party for a suit brought under the FTCA is the United States of America.").

Next, the complaint's allegations, distilled, amount to a claim that Dr. Sharf defamed plaintiff. See Compl. [D.E. 1] at 5. Such a claim is explicitly barred under 28 U.S.C. § 2680(h). Talbert, 932 F.2d at 1067 (finding § 2680(h) bars claims "resound[ing] in the heartland of the tort of defamation," including claims premised upon purportedly untrue communication of statements about plaintiff made to third parties); see also Armstrong v. Geithner, 610 F. Supp. 2d 66, 72 (D.D.C. 2009) (finding intentional infliction of emotional distress claims stemming from alleged defamatory conduct also fall under the section 2680(h) bar), aff'd, 608 F.3d 854 (D.C. Cir. 2010).

5

Further, to bring a civil action "for mental or emotional injury suffered while in custody," plaintiff must make a "prior showing of physical injury," 28 U.S.C. § 1346(b)(2), but the injuries alleged here – "my truth and courtroom enforcing law [sic]" – fall well short of plausibly alleging a physical injury, see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Finally, because the complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

## Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE plaintiff's FTCA complaint either as unexhausted, for lack of subject matter jurisdiction, or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii); DENIES AS MOOT plaintiff's motion for leave to proceed without prepayment of fees [D.E. 2]; and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of June, 2024.

RICHARD E. MYERS II
Chief United States District Judge